**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHARLES DANIEL MAYE,

    Petitioner,

v.                                                   Case No. 8:13-CV-3104-T-30EAJ
                                                    Crim Case No. 8:04-CR-321-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Before the Court is Petitioner's Motion to Alter or Amend Order or Judgment filed pursuant to Rule 59(e), Federal Rules of Civil Procedure (CV Dkt. 4). Petitioner previously filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). The Court entered an order dismissing Petitioner's motion, without prejudice, as a successive § 2255 motion (CV Dkt. 3).

Petitioner now asks the Court to reconsider this order. A motion filed under Federal Rule of Civil Procedure 59(e) seeking to alter or amend a judgment must be filed no later than twenty-eight days after entry of the judgment. Petitioner's motion is timely under Rule 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F. 3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F. 3d 1116, 1119 (11th Cir. 1999)).

The Court's order dismissing Petitioner's § 2255 motion concluded that the motion was successive. In his present motion, Petitioner argues that his § 2255 motion was not successive because he could not prove his claim of prosecutorial misconduct without the "Shackelford Letter," which was not available to him until after the denial of his first § 2255 motion.[1]

Petitioner does not provide any new evidence. Rather, he essentially reargues that which the Court previously considered and denied, namely that Petitioner's § 2255 motion was not successive because he could not prove his claim of prosecutorial misconduct without the "Shackelford Letter" (see CV Dkt. 3 at pp. 3-5). A Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that were available prior to the entry of judgment. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 759 (11th Cir. 2005).

Moreover, Petitioner's §2255 motion was successive because the prosecutorial misconduct claim, and the basis for that claim, the 2005 "Shackelford Letter," existed before the proceedings on his initial § 2255 motion concluded in 2008, even if that letter was not available to and discovered by Petitioner until after the conclusion of those proceedings. *See Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) ("'[C]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f...the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later

---

[1] The "Shackelford Letter" is a June 17, 2005 letter from Kelly Shackelford to then Assistant United States Attorney Jeffrey Del Fuoco (see *Maye v. United States*, Case no. 8:10-cv-2327-T-30TBM at Dkt. #36-1, docket pp. 10-21).

petition based on that defect may be non-successive.'") (quoting *Leal Garcia v. Quaterman*, 573 F.3d 214, 221-22 (5th Cir. 2009)) (emphasis in original). Accordingly, Petitioner has not demonstrated a manifest error of law or fact that would entitle him to relief.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Alter or Amend Order or Judgment (CV Dkt. 4) is **DENIED**.

2. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The Court also declines to allow Petitioner to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**DONE** and **ORDERED** in Tampa, Florida on August 8, 2014.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
All Parties/Counsel of Record